UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARC COHEN aka MOSHE COHEN,

                    Plaintiff,

       -against-

NEW YORK CITY, New York, EDWARD A. CABAN, in his Official Capacity,

                    Defendants.
------------------------------------------------------x

24 Civ. 2594

**COMPLAINT**

Plaintiff, MARC COHEN, by and through his attorneys, states as his complaint for, *inter alia,* declaratory and injunctive relief against the defendants as follows:

## NATURE OF THE ACTION

1. This is an action for, *inter alia,* declaratory and injunctive relief to (i) declare that Defendants' termination of Plaintiff's right to possess handguns in his home for self-defense violated Plaintiff's Second Amendment rights; (ii) declare 38 RCNY 5-11 unconstitutional as applied to Plaintiff; (iii) declare 38 RCNY 5-30(b)(1) facially unconstitutional and as applied to Plaintiff; (iv) enjoin Defendants' enforcement of the challenged NYPD police regulations, which are inconsistent with the plain text of the Second Amendment and this Nation's historical traditions; and (v) for an award of garden variety compensatory damages, nominal damages, reasonable statutory attorney's fees and costs, and such further and different relief as this Court deems just and equitable.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, §1343, §2201, §2202 and 42 U.S.C. §1983 and §1988.

1

3. Venue lies in this Court pursuant to 28 U.S.C. §1391.

**PARTIES**

4. Plaintiff, Marc Cohen aka Moshe Cohen, is a natural person, a citizen of the United States and a resident of Brooklyn, New York.

5. Defendant New York City, New York is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State.

6. Defendant Edward A. Caban, who is sued herein in his official capacity only, is the Police Commissioner of the New York Police Department ("NYPD"). In that position, Commissioner Caban has personal authority and control over the creation and implementation of the policies and procedures for the licensing of handguns for the five (5) boroughs comprising New York City: the counties of Bronx, New York, Richmond, Kings, and Queens (the "City" or "New York City") under Title 38 of the Rules of the City of New York (RCNY).

7. Commissioner Caban is the New York State statutory licensing officer for the five boroughs of New York City [Penal Law 265.00(10)]. Commissioner Caban is a policy maker with respect to the customs, policies, and procedures promulgated by and through the NYPD License Division and the NYPD Appeals Unit related to the issuance of handgun licenses in New York City.

8. Commissioner Caban and his agents and employees enforce and implement the provisions of 38 RCNY 5 relating to handgun licensing.

**STATEMENT OF FACTS**

9. Marc Cohen ("Plaintiff") is a resident of Brooklyn, New York with no disqualifiers under state or federal law to the possession of firearms.[1]

---

[1] The term "firearm" as used herein encompasses handguns, rifles, and shotguns.

10. Plaintiff applied for, and was issued, a New York City handgun license to possess handguns in his home (Premise License) in and around August 19, 2019.

11. On or about July 8, 2021, Plaintiff was involved in a motor vehicle accident whereby a NYPD police officer darted out into the intersection, proceeded against a red light at a four-way intersection, failed to yield to Plaintiff's lights and sirens, and caused a collision with Plaintiff's vehicle.

12. Considering the nature of the vehicles and individuals involved in the accident, Plaintiff was charged with various Vehicle and Traffic violations and Penal Law offenses, including the misdemeanor offense of Reckless Driving.

13. On March 14, 2022, all 10 charges against Plaintiff were dismissed, sealed, and terminated in favor of Plaintiff pursuant to N.Y. Criminal Procedure Law § 160.50 "Order upon termination of criminal action in favor of the accused."

14. Plaintiff was not in possession of his handgun at the time of the accident, nor does Plaintiff carry a handgun for self-defense, as he does not have a concealed carry license.

15. The status of Plaintiff's Driver's License was unaffected by the accident – it was neither suspended nor revoked.

16. On July 8, 2022, the NYPD License Division revoked Plaintiff's license to possess handguns in his home for self-defense.

17. Plaintiff's right to possess handguns in his home for self-defense was terminated by Defendants based on his motor vehicle accident and resulting charges that were terminated in his favor, dismissed, and sealed.

18. Defendants revoked Plaintiff's Premise License through the enforcement of 38 RCNY 5-11 and 38 RCNY 5-30.

19. 38 RCNY 5-11, entitled "Grounds for Suspension for Defined Period or Revocation of Handgun License" provides, "A handgun license may be suspended for a defined period or revoked upon evidence of any disqualification pursuant to this chapter. A handgun license shall be revoked upon a conviction in this state or elsewhere of a felony or a serious offense, as defined in subdivision seventeen (17) of § 265.00 of the Penal Law, a determination that the applicant knowingly made a material false statement on the application, <u>or as set forth in 38 RCNY § 5-30</u>. <u>Evidence of disqualification may be demonstrated by an investigation, by a licensee's failure to cooperate with such an investigation, or by other evidence</u>." (emphasis added).

20. Under 38 RCNY 5-30, entitled, "Reporting of Incidents," each of the enumerated 'Incidents' "shall be reviewed and evaluated by License Division investigators. If, as a result of the 'Incident' <u>the License Division finds it necessary</u> to suspend or revoke the license, the licensee shall receive notification by mail. Said notification shall advise the licensee of the status of their license and the reason for the suspension / revocation." (emphasis added).

21. Incidents listed in 38 RCNY 5-30(c)(1) include "arrests, summons… in any jurisdiction, federal, state, local, etc." even where the charges against the licensee were dismissed and terminated in his favor.

22. Plaintiff's right to possess handguns in his home for self-defense was terminated by Defendants based on allegations that were investigated by the District Attorney and deemed unworthy of prosecuting, dismissed, and thereafter sealed by the Court resulting in a termination of the charges in favor of the accused. N.Y. Criminal Procedure Law § 160.50.

## STATEMENT OF LAW

*The Second Amendment*

23. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

24. The Second Amendment does not *bestow* any rights to the individual to possess and carry weapons to protect himself; it *prohibits the government* from infringing upon the basic, fundamental right of the individual to keep and bear arms for self-defense in the event of a violent confrontation. *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010) (per curium); *Caetano v. Massachusetts,* 577 U.S. (2016).

25. Individual self-defense is the central component of the Second Amendment right. *McDonald,* 561 U.S. at 767, citing, *Heller*, 554 U.S. at 599 (internal quotations omitted). The Second Amendment protects the core right of the individual to self-protection. *Heller*, 554 U.S. at 595-599, 628.

26. The Second Amendment is deeply rooted in this Nation's history and tradition and fundamental to our scheme of ordered liberty. *McDonald*, 561 U.S. at 768.

27. The right of law-abiding responsible citizens to use arms in the defense of hearth and home is a fundamental right protected by the Second Amendment. *Heller*, 554 U.S. at 635). Individual self-defense is the *central component* of the Second Amendment right. *NYSRPA v. Bruen*, 597 U.S. 1, 29 (emphasis supplied) quoting, *McDonald*, 561 U.S. at 767 (quoting *Heller*, 554 U.S. at 599) .

28. Second Amendment guarantees are at their zenith within the home. *Heller*, 554 U.S. at 628-29.

Case 1:24-cv-02594   Document 1   Filed 04/05/24   Page 6 of 8

29. The Second Amendment's protections are fully applicable to the states through the Fourteenth Amendment. *McDonald*, supra.

### The Test For Second Amendment Challenges Under *Bruen*

30. When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. *Bruen*, 597 U.S. at 17 (citation omitted).

31. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. *Ibid.*

32. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. *Ibid.*

33. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.' *Ibid.*

34. Here, Plaintiff's proposed conduct -- possessing firearms for self-defense – is covered by the plain text of the Second Amendment. *Heller*, 554 U.S. at 592 (defining the plain text of the Second Amendment as "guarantee[ing] the individual right to possess and carry weapons in case of confrontation"); compare *Bruen*, 597 U.S. at 32 (expressing "little difficulty" concluding that "the plain text of the Second Amendment protects Koch's and Nash's proposed course of conduct—carrying handguns publicly for self-defense.").

35. To prevail in this action, the City must justify its regulations "by demonstrating that [they are] consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17.

36. Only then can the Court conclude that Plaintiff's "conduct falls outside the Second Amendment's 'unqualified command'." *Bruen*, 597 U.S. at 17.

6

37. No set of circumstances exist under which the regulations challenged herein would be valid; the laws are unconstitutional in all of their applications, including as applied to Plaintiff.

38. Plaintiff is suffering actual and irreparable injury as a direct result of Defendants' enforcement of (i) 38 RCNY 5-11; (ii) 38 RCNY 5-30(c)(1); and he requests the permanent injunction thereof.

39. Defendants deny the allegations stated herein.

## COUNT I
## U.S. CONST., AMEND. II and XIV, 42 U.S.C. § 1983

40. Plaintiff repeats and realleges the foregoing paragraphs as if restated herein.

41. Under the theory that 38 RCNY 5-11 violates the Second and Fourteenth Amendments to the United States Constitution as applied to Plaintiff. 42 U.S.C. § 1983.

## COUNT II
## U.S. CONST., AMEND. II and XIV, 42 U.S.C. § 1983

42. Plaintiff repeats and realleges the foregoing paragraphs as if restated herein.

43. Under the theory that 38 RCNY 5-30(c)(1) violates the Second and Fourteenth Amendments to the United States Constitution, facially and as applied to Plaintiff. 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against the defendants as follows:

- A declaration that 38 RCNY 5-11 is unconstitutional as applied to Plaintiff, in violation of the Second and Fourteenth Amendments to the United States Constitution;

- A declaration that 38 RCNY 5-30(c)(1) is unconstitutional on its face, and as applied to Plaintiff, in violation of the Second and Fourteenth Amendments to the United States Constitution;

- An Order permanently enjoining the defendants, their officers, agents, servants, employees, and all persons acting in concert with the defendants who receive actual notice of the injunction, from enforcing and implementing 38 RCNY 5-30(c)(1) collectively and individually;

- Garden variety compensatory damages;

- Presumed nominal damages for Plaintiff's constitutional harms;

- Reasonable statutory attorney's fees, costs, and disbursements, under 42 U.S.C. § 1988 and any other applicable law; and

- Grant such further and alternative relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 5, 2024
     Scarsdale, New York

THE BELLANTONI LAW FIRM, PLLC
*Attorneys for Plaintiff*

_____/s/_____
Amy L. Bellantoni (AB3061)
2 Overhill Road, Suite 400
Scarsdale, New York 10583
abell@bellantoni-law.com
(914) 367-0090 (t)
(888) 763-9761 (f)