

| | THE CITY OF NEW YORK | |
|---|---|---|
| **Muriel Goode-Trufant** <br> *Acting Corporation Counsel* | **LAW DEPARTMENT** <br> 100 CHURCH STREET <br> NEW YORK, NY 10007 | **Jessica Katzen** <br> Tel: (212) 356-1646 <br> e-mail: jkatzen@law.nyc.gov |

October 24, 2024

**By ECF**
The Honorable Lewis J. Liman
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: <u>Marc Cohen v. New York City, New York et al.</u>, 1:24-cv-02594 (LJL)

Your Honor:

      I am Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, one of the attorneys for Defendants in the above-referenced proceeding. Defendants write to clarify some points regarding their request to compel Plaintiff to execute and serve Defendants with a Designation of Agent for Access to Sealed Records Pursuant to NYCPL 160.50(1)(d) ("Designation"). *See* Dkt. Entry No. 11.

      First, despite Plaintiff's contentions in his October 23, 2024 letter, *see* Dkt. Entry No. 13, Defendants' attorneys, employed by the New York City Law Department ("Law Department"), a separate agency from the NYPD, require the Designation in order to access the administrative record for the License Division's revocation decision. The exception under CPL § 160.50(d)(iii) for a "state or local officer or agency with responsibility for the issuance of licenses to possess guns, when the accused has made an application for such a license," which permitted the License Division to review sealed records in rendering a determination regarding Plaintiff's firearm license, does not on its face also permit access of such sealed records to attorneys with the Law Department. It is now customary to request a Designation from individuals challenging License Division determinations, where the License Division considered information contained in sealed arrest records.

      Second, Defendants are not attempting to obtain documents and information that was not in the License Division's possession when rendering a determination about Plaintiff's firearm license. Defendants are willing to amend the language of the Designation to specifically seek consent to obtain sealed records from the License Division only that constitute the

administrative record, but have been unable to obtain Plaintiff's position on this matter before filing the instant motion to make such a change. Finally, if the relief requested is granted, Defendants are not opposed to filing any such sealed records in future briefings under seal.

        Defendants respectfully request that this Court issue an Order directing Plaintiff to execute and serve Defendant with the Designation so that Defendants' counsel can obtain the records necessary to fully respond to the claims raised in this action.

        Thank you for your consideration of this request.

Respectfully submitted,

*Jessica Katzen*

Jessica Katzen<br>
Assistant Corporation Counsel