```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MARC COHEN,                                                      :
                                                                 :
                              Plaintiff,                         :
                                                                 :         24-cv-2594 (LJL)
              -v-                                                :
                                                                 :         MEMORANDUM AND
NEW YORK CITY and EDWARD A. CABAN in his                         :              ORDER
Official Capacity,                                               :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/2024

LEWIS J. LIMAN, United States District Judge:

On October 22, 2024, Defendants filed a letter motion seeking to compel Plaintiff to execute and serve upon Defendants a Designation of Agent for Access to Sealed Records pursuant to New York Criminal Procedure Law § 160.50(1)(d) that would permit Defendants' attorneys to review sealed records related to Plaintiff's July 2021 arrest. Dkt. No. 11. Plaintiff filed a letter response in opposition on October 23, 2024. Dkt. No. 13. Defendant filed a letter response in further support of its motion on October 24, 2024. Dkt. No. 14.

Section 160.50(1) of the New York Criminal Procedure Law provides that "[u]pon the termination of a criminal action or proceeding against a person in favor of such person . . . the record of such action or proceeding shall be sealed." N.Y. Crim. Proc. Law § 160.50(1). However, subsection (d) of that provision states that "such records shall be made available to the person accused or to such person's designated agent, and shall be made available to . . . any state or local officer or agency with responsibility for the issuance of licenses to possess guns, when the accused has made application for such a license." N.Y. Crim. Proc. Law § 160.50(1)(d). Accordingly, Defendants state that although the NYPD License Division had access to the records related to the

arrest, counsel for Defendants cannot access those records absent Plaintiff's executed designation. Dkt. Nos. 11, 14.[1]

Where a litigant has put otherwise inaccessible materials at issue in the action, a court may compel the litigant to sign an authorization permitting access. *E.g.*, *Cordero v. United States*, 2021 WL 568079, at *2–3 (S.D.N.Y. Feb. 16, 2021) (compelling plaintiff to provide executed medical releases); *Mei Ling Lin v. City of New York*, 2016 WL 11707573, at *3 (S.D.N.Y. Jan. 29, 2016) ("Counsel for both parties are admonished to work collaboratively in obtaining the necessary releases."). Although Defendant argues that any information related to the arrest that was not viewed by the NYPD Licensing Division is irrelevant to this case, Dkt. No. 13 at 1–2, there is no dispute that information related to the arrest is relevant to the extent it was included in the administrative record.

Plaintiff argues that Defendants' proposed release is too broad because (1) "it waives the plaintiff's right to have sealed records remain sealed and not publicly filed with the Court," and (2) it requests information which was not viewed by the NYPD Licensing Division in reaching the determination at issue. Dkt. No. 13 at 3. Both issues are easily resolved.

To the extent that Plaintiff aims to limit Defendants' public use of the sealed records, the parties may enter into a protective order. *See Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019); Fed. R. Civ. P. 26(c).[2] The parties may also seek the Court's leave to file documents under seal.

---

[1] Plaintiff states that "[c]hallenges involving handgun licensing in other counties in New York State involving sealed and dismissed arrests have . . . not required the execution of a release for the Attorney General's Office to obtain copies of the licensing officers' file," Dkt. No. 13 at 2, but does not identify any legal mechanism that permits such access by the Attorney General's Office. Defendants state that "[i]t is now customary to request a Designation from individuals challenging License Division determinations, where the License Division considered information contained in sealed arrest records." Dkt. No. 14 at 1.

[2] The Court's Model Protective Order is available at https://www.nysd.uscourts.gov/hon-lewis-j-liman.

The Court does, however, retain the discretion to deny leave to seal where the sealing application does not overcome the presumption of public access. *See* Fed. R. Civ. P. 5.2(d); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).

As to the overbreadth of the proposed release, Plaintiff states that he "will agree to sign a release limited to authorizing the License Division to provide a copy of the file maintained by the License Division pertaining to the plaintiff to the City Law Department in connection with this action." Dkt. No. 12 at 3. Defendants accept this proposal and state that they are "willing to amend the language of the Designation to specifically seek consent to obtain sealed records from the License Division only that constitute the administrative record." Dkt. No. 14 at 1–2.

The Court accordingly orders Plaintiff to execute and serve upon Defendants a Designation of Agent for Access to Sealed Records pursuant to New York Criminal Procedure Law § 160.50(1)(d) that would permit counsel for Defendants to review sealed records related to Plaintiff's July 2021 arrest to the extent such records are in the administrative record. If the parties wish to propose a protective order prior to Plaintiff's execution of the designation, they shall submit the proposed protective order to the Court no later than November 1, 2024. Any submission of a proposed protective order shall comply with § 2.G of the Court's Individual Practices in Civil Cases.

SO ORDERED.

Dated: October 25, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge